UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MARINO,

  Plaintiff,

v.

ACS OF TAMPA, LLC and JOSUE CABRERA,

  Defendant.

Case No. 8:21-cv-00373

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michael Marino ("Plaintiff" or "Marino") sues Defendants, ACS of Tampa, LLC ("ACS") and Josue Cabrera ("Cabrera") and states as follows:

### CAUSES OF ACTION

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, *et. seq*. (FLSA), Florida Statute, § 448.102, and Florida common law.

### PARTIES

2. Plaintiff Marino is an individual who currently resides in Hillsborough County, Florida.

3. Defendant ACS is a Florida Limited Liability Company with its principal place of business located in Hillsborough County, Florida.

4. Defendant Cabrera is an individual who owns and operates Defendant ACS and resides in Hillsborough County, Florida.

## JURISDICTION AND VENUE

5. Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act. Jurisdiction over the state law claim set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

6. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and all significant events giving rise to Plaintiff's claims occurred within Hillsborough County, Florida.

7. Venue is proper in the Tampa Division under Local Rule l.02(b)(5) because the action accrued in Hillsborough County, Florida over which the Tampa Division has jurisdiction.

## GENERAL ALLEGATIONS

8. Defendant ACS is in the business of HVAC installation and repair.

9. Plaintiff was formerly employed by Defendant ACS as an HVAC Mechanic from approximately September 1, 2020 to October 15, 2020.

10. At all times material hereto, Defendant ACS was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

11. At all times relevant, Defendant ACS had annual gross revenues of at least $500,000.00.

12. At all times relevant, Defendant ACS employed two or more individuals who, in the course and scope of their employment, handled items that were manufactured outside of Florida and moved through interstate commerce.

13. At all times relevant, Defendant ACS employed two or more individuals who routinely handled tools and equipment which were manufactured outside of Florida and moved through interstate commerce.

14. At all times material hereto, Defendant Cabrera was also an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

15. Defendant Cabrera managed, oversaw and operated ACS as a business enterprise within the meaning of 29 U.S.C. § 203 (s) (1) of the FLSA.

16. Defendant Cabrera exercised complete dominion and control over employee wages, hours, and working conditions including those of Plaintiff.

17. As owner and operator of ACS, Defendant Cabrera devised and implemented all employee pay policies of the company including those directly affecting Plaintiff.

18. At all times material hereto, Plaintiff was an FLSA non-exempt employee of Defendants.

19. Defendants promised to pay Marino a base wage of $12.00 per hour plus commissions.

20. However, Defendants routinely failed to pay Marino in full by shorting his hourly wages as well as commissions earned.

21. Defendants were required under the FLSA to pay Marino one and one-half (1½) times his effective hourly rate for each hour worked over 40 in a workweek.

3
CALCIANO PIERRO, PLLC

22. Throughout his employment, Marino routinely worked in excess of 40 hours in a workweek.

23. However, Defendants failed to pay Marino his earned overtime wages at one and one-half times his regular hourly rate.

24. The failure to pay Marino his earned overtime pay was attributed to Defendants' willful refusal to consider employee meetings, drive time between jobs and other work periods as compensable time.

25. Marino complained to Defendants regarding the failure to pay his wages and commissions in full.

26. In retaliation, Defendants summarily terminated his employment.

27. Following his termination, Plaintiff made further communications with Defendants in an effort to obtain his earned wages in full.

28. Defendants again retaliated against Plaintiff by threatening to pursue unfounded criminal charges.

29. In addition, Defendants denied Plaintiff full payment of wages he earned during the final pay period of his employment which resulted in a failure to pay Plaintiff at least the federal minimum wage.

30. Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
### *(Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. Section 206- Against All Defendants)*

31. Plaintiff re-alleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 30.

32. The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

33. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each hour worked in a workweek.

34. For one or more workweeks, Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the federal minimum wage.

35. Defendants owe Plaintiff his unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

36. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

WHEREFORE, Plaintiff Marino demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207- Against All Defendants)*

37. Plaintiff re-alleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 30.

38. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

39. During the relevant time period, Defendants routinely required Plaintiff to work in excess of forty (40) hours in a workweek.

40. In violation of the FLSA, Defendants willfully failed to pay Plaintiff time and one-half his regular rate of pay for overtime hours worked.

41. As a direct result of Defendants' violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

42. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

43. Plaintiff is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff Marino demands judgment against Defendants for unpaid overtime compensation, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT III
### *(Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat. § 448.08- Against Defendant ACS)*

44. Plaintiff re-alleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 30.

45. Defendant ACS agreed to pay Plaintiff base hourly pay plus commissions.

46. Plaintiff performed all conditions precedent to his receipt of the promised hourly pay and earned commissions.

47. However, Defendant ACS only partially paid Plaintiff's earned compensation.

48. Defendant ACS's failure to pay Plaintiff his earned compensation in full constitutes a breach of a contract.

49. Defendant ACS's breach has damaged Plaintiff by denying him full compensation for the work he performed.

50. Because the unpaid compensation constitutes unpaid wages, Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to Fla. Stat § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant ACS for unpaid contractual pay plus prejudgment interest together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT IV
### *(FLSA Retaliation, 29 U.S.C. § 215- Against All Defendants)*

51. Plaintiff re-alleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 30.

7
CALCIANO PIERRO, PLLC

52. Plaintiff engaged in protected conduct under the FLSA when he complained to Defendants regarding the failure to pay his full wages, which included the failure to pay at least the federal minimum wage and overtime compensation.

53. Defendants responded to Plaintiff's protected conduct by terminating his employment and threatening baseless criminal prosecution.

54. Defendants conduct in this regard amounted to a willful violation of the anti-retaliation provision of the FLSA.

55. On account of the retaliatory discharge, Plaintiff has incurred lost wages.

56. The retaliation has also caused Plaintiff emotional pain and suffering for which he is entitled to compensatory damages.

57. Plaintiff states that reinstatement would be impossible or impracticable such that an award of front pay in lieu of reinstatement would be appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants ACS and Cabrera, jointly and severally, for back pay, front pay in lieu of reinstatement, liquidated damages, compensatory damages, prejudgment interest, together with the costs of suit and reasonable attorney's fees under the FLSA, and such other and further relief that the Court deems just and proper.

### COUNT V
***(Violation of Florida's Private Whistleblower Act, Fla. Stat, § 448.102-
Against Defendant ACS)***

58. Plaintiff re-alleges and adopts, as if fully set forth in Count V, the allegations in paragraphs 1 through 30.

59. Plaintiff engaged in protected activity under Fla. Stat., Section 448.102 when he objected to Defendant ACS's unlawful pay practices which included the failure to pay all promised hourly wages and commissions earned.

60. The failure to pay at least the federal minimum wage and overtime compensation violated the FLSA.

61. The failure to pay Plaintiff for all compensation earned constituted a violation of Hillsborough County, Florida's Wage Recovery Ordinance, Chapter 51.

62. In direct response to Plaintiff's objections to the unlawful pay practices, Defendant ACS retaliated against Plaintiff by terminating his employment and threatening baseless criminal prosecution.

63. Defendant ACS's retaliatory actions constitute a violation of Fla. Stat, § 448.102.

64. Due to the retaliatory discharge, Plaintiff has incurred lost wages.

65. Plaintiff has also suffered emotional distress as a result of the retaliatory conduct.

66. Plaintiff is entitled to the remedies afforded by Fla. Stat., § 448.103 as well as recovery of his reasonable attorneys' fees and costs pursuant to Fla. Stat., § 448.104.

67. Plaintiff states that reinstatement would be impossible or impracticable such that an award of front pay in lieu of reinstatement would be appropriate.

WHEREFORE, Plaintiff Marino demands judgment against Defendant ACS for backpay, compensatory damages, front pay, punitive damages, prejudgment interest, together

with the costs of suit and reasonable attorney's fees under Fla. Stat., § 448.104, and such other and further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right,

Dated this ____ day of February 2021.    Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com